# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN MICHAEL MCCAULEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, FCI MCKEAN, )<br>)<br>Respondent. )<br>) | Civil Action No. 1:23-cv-161<br><br>RICHARD A. LANZILLO<br>Chief U.S. Magistrate Judge<br><br>(Filed Electronically) |

## RESPONSE TO HABEAS PETITION PURSUANT TO 28 U.S.C. § 2241

AND NOW COMES Respondent ("Respondent") Warden of Federal Correctional Institute McKean[1] ("FCI McKean"), by and through his attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Adam Fischer, Assistant United States Attorney for said District, and hereby submits the following Response to Petitioner Benjamin Michael McCauley's ("Petitioner") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, stating as follows:

## I.     INTRODUCTION

In his Petition, Petitioner attempts – for at least the third time – to attack the 235-month prison sentence that the United States District Court for the Northern District of Iowa ("Sentencing Court") imposed back in 2018; arguing that the Sentencing Court erred in denying his motion for a downward departure, and instead imposing a six-level upward variance; and asking the Court to resentence him in accordance with the First Circuit's recent holding in *United States v. Munoz-*

---

[1] FCI McKean is located in Bradford, Pennsylvania, within the confines of this District. At present, Amberly Newman is the Warden at FCI McKean.

*Fontanez*. But like Petitioner's direct appeal to the Eighth Circuit, and his prior Section 2255 Motion in the Sentencing Court, the instant Petition must be denied. As more fully explained below, because the Petition attacks the *validity*, and not the *execution*, of his sentence, it can only be heard at this time and in this Court if Petitioner can meet the Supreme Court's stringent test for "savings clause" review under 28 U.S.C. 2255(e); and he clearly cannot.

## II.   PROCEDURAL HISTORY

### a.   Petitioner's Conviction and Sentence

On December 5, 2017, Petitioner pled guilty in the Sentencing Court to possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (*See* Ex. 1, *United States v. McCauley*, Case No. 1:17-cr-74 (N.D. Iowa), at ECF No. 50 (Judgment).) Then, on June 13, 2018, the Sentencing Court sentenced Petitioner (who had 68 prior convictions on his record)[2] to a 235-month term of imprisonment, followed by an additional three years of supervised release. (*See id.*) In doing so, the Sentencing Court denied Petitioner's motion for a downward departure or variance, and – instead – imposed a six-level upward departure. (*See* Ex. 2, *United States v. McCauley*, No. 18-2318 (8th Cir.) (Opinion & Order).) Following sentencing, Petitioner filed a direct appeal to the Eight Circuit, in which he argued – among other things – that the Sentencing Court erred in imposing the upward departure and "was biased." (*Id.*) On March 18, 2019, the Eighth Circuit rejected those arguments and affirmed Petitioner's sentence. (*See id.*)

Two years later, on March 13, 2020, Petitioner filed in a counseled Motion to Vacate and Set Aside Sentence Pursuant to 28 U.S.C. § 2255 in the Sentencing Court. (*See* Ex. 3, *McCauley*

---

[2] *See* https://www.justice.gov/usao-ndia/pr/cedar-rapids-synthetic-drug-distributor-sentenced-nearly-20-years-federal-prison (last visited June 21, 2024).

*v. U.S.*, No. 12-cv-3843 (N.D. Ill.) at ECF No. 1 (Section 2255 Motion).)  In that motion, Petitioner argued "ineffective assistance of counsel" for a "failure to litigate [a] meritorious Fourth Amendment claim" and "to object to [the] pre-sentencing report," which purportedly miscalculated Petitioner's criminal history points.  (*Id*. at 5-6.)  On January 19, 2022, the Sentencing Court issued a 16-page memorandum order, denying Petitioner's Section 2255 motion in its entirety. (*See* Ex. 4, *McCauley v. U.S.*, Case No. 1:20-cv-00034 (N.D. Iowa) at ECF No. 14 (Order).).  Notably, the Sentencing Court found that Petitioner's second argument (regarding his criminal history) was "incorrect and wholly lacked merit," because Eighth Circuit precedent allowed the Sentencing Court to consider Petitioner's "50 unscored criminal convictions, including [those for] theft (10 convictions), assault (7 convictions), harassment (2 convictions), stalking, possession of a controlled substance and OWI."  (*Id*. at 13.)

    b.    **The Instant Petition**

On August 29, 2023 – while incarcerated at FCI-McKean – Petitioner filed the instant Petition.  In his Petition, Petitioner contends that the Sentencing Court "erred in imposing a significant 6-level variance without offering no [sic] explicit rationale tying the facts to statutory sentencing goals," and asks the Court to resentence him in accordance with *Munoz-Fontanez*, in which the First Circuit vacated a defendant's sentence because the District Court failed to adequately explain the "significant" upward variance it imposed. (*See* Petition at 7, 9.)[3]  For the reasons explained below, Petitioner fails to satisfy the Supreme Court's test for savings clause review, and the Court must accordingly deny and dismiss his Petition.

---

[3] *See United States v. Munoz-Fontanez*, 61 F.4th 212, 215 (1st Cir. 2023).

### III.     ARGUMENT

This Court cannot entertain and must deny the Petition because the Supreme Court's 2023 decision in *Jones v. Hendrix* forecloses Petitioner's attempted route to "savings clause" review.

As the Court is aware, Section 2255 generally affords inmates the opportunity to challenge the validity of their conviction or sentence. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Miller v. United States*, 564 F.2d 103, 105 (1st Cir. 1977); *United States v. McKeithan*, 437 F. App'x 148, 150 (3d Cir. 2011) ("The presumptive means for a federal prisoner to challenge the *validity* of a conviction or sentence is a § 2255 motion filed in the sentencing court" (emphasis added)).  Ordinarily, inmates must do so in the sentencing court, within one year of: i) the judgment of conviction; ii) the removal of a government-created impediment to the motion; iii) the Supreme Court's recognition of a new and retroactively applicable right; or iv) the date on which facts supporting the petition could have been discovered through the exercise of due diligence (whichever is later).  *See* 28 U.S.C § 2255 (a) & (f).[4]  But there is one, narrow exception: under Section 2255's savings clause, an inmate may proceed under Section 2241 if (and only if) he establishes that a Section 2255 motion would be "inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e); *see, generally, Pollard v. Yost*, 406 F. App'x 635, 637 (3d Cir. 2011) (citing *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997)); *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) (petitioner bears the burden of demonstrating that the remedy provided by Section 2255 is inadequate or ineffective); *see also Jones v. Hendrix*, 599 U.S. 465, 470 (2023) (while a prisoner may not ordinarily file a second or successive Section 2255

---

[4] Because Petitioner was sentenced in another district and his judgment became final in 2018, and because he does not cite any newly discovered evidence, Supreme Court precedent from the past year, or "government-created impediment" that once existed, his Petition is not subject to review under 28 U.S.C. § 2255(a).

4

motion, that limitation does not make Section 2255 inadequate or ineffective "such that the prisoner may proceed with his statutory claim under [Section] 2241"). Based on the Supreme Court's recent precedent in *Jones*, Petitioner cannot make that showing and has no route to savings clause review.

For more than 25 years, Third Circuit jurisprudence held that Section 2255's savings clause only applied in extremely rare circumstances, such as where an intervening change in the law rendered the petitioner *innocent* of the crime for which he had been convicted. *See In re Dorsainvil*, 119 F.3d at 245; *see also Trenkler v. Pugh*, 83 F. App'x 468, 470 (3d Cir. 2003) (outlining the tri-fold requirements for proceeding under Section 2255's savings clause); *see also Jones*, 599 U.S. at 493 (inmates may not cite an intervening change in statutory interpretation to obtain savings clause review under Section 2241).

Then, on June 22, 2023, the Supreme Court rejected a federal inmate's attempt to collaterally attack his Section 922(g) conviction under *Rehaif v. United States*, 588 U.S. 225 (2019), and – in the process – both abrogated *In re Dorsainvil*, and made the path to savings clause review even narrower. *See Jones*, 599 U.S. at 470, 477; *see also Voneida v. Johnson*, 88 F.4th 233, 237 (3d Cir. 2023) (parenthetical). In *Jones*, the Supreme Court considered the "interplay" between Sections 2241 and 2255 of the habeas statutes, and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which bars second or successive Section 2255 motions unless "they rely on either newly discovered evidence ... or a new rule of constitutional law ...." 599 U.S. at 469 (quotations omitted). After reviewing the petitioner's record and its ruling in *Rehaif* (*i.e.*, "that a defendant's knowledge of the status that disqualifies him from owning a firearm is an element of a § 922(g) conviction"), the Supreme Court held that the saving clause does **not** authorize "an end-run around AEDPA" by making Section 2241 available "when AEDPA's

5

second-or-successive restrictions bar[] a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute." *Id*. at 477, 488-89.   The Supreme Court reasoned that Section 2255(h) "'specifies the two circumstances under which a second or successive collateral attack on a federal sentence' via § 2241 'is available, and those circumstances do not include an intervening change in statutory interpretation.'" *Voneida*, 88 F.4th at 237 (quoting *Jones*, 599 U.S. at 490). The Supreme Court then made clear that: "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. **It means that he cannot bring it at all**." *Jones*, 599 U.S. at 480 (emphasis added).

Thus, post-*Jones*, the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent restrictions on second or successive § 2255 motions by filing a § 2241 petition."   *Reid v. Garza,* No. 1:23-CV-01559, 2024 WL 197643, at *4 (M.D. Pa. Jan. 18, 2024) (quoting *Jones*, 599 at 472).   Here, that is precisely what Petitioner attempts to do.   Indeed, in his Petition he asks the Court to review the "validity of [his] ... sentence" in light of a "new interpretation of statutory law."   (Petition at 6.)   Because the Petition then falls squarely into the *Jones* prohibition (and because Petitioner does not – and cannot – establish some "unusual circumstances [that] make it impossible or impracticable [for him] to seek relief in the sentencing court," *Jones*, 599 U.S. at 477),[5]  the Court lacks jurisdiction to review the Petition, and should deny and dismiss the same.   *See*, *e.g.*, *In re Edwards*, 98 F.4th 425, 436 (3d Cir. 2024).

---

[5] After all, Petitioner made essentially the same arguments in his Section 2255 motion in the Sentencing Court (as well as in his direct appeal to the Eighth Circuit).

## CONCLUSION

For the reasons stated above, Respondent respectfully requests that the Court dismiss the instant Petition for lack of subject matter jurisdiction.

                                      Respectfully submitted,

                                      ERIC G. OLSHAN
                                      United States Attorney

                                      */s/ Adam Fischer*
                                      ADAM FISCHER (PA ID No. 314548)
                                      Assistant U.S. Attorney
                                      Western District of PA
                                      Joseph F. Weis Jr., U.S. Courthouse
                                      700 Grant Street, Suite 4000
                                      Pittsburgh, PA 15219
                                      (412) 644-3500

                                      Counsel for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within *Response to Petitioner's Habeas Petition Pursuant to 28 U.S.C. § 2241* was served via electronic filing and/or by postage paid U.S. Mail, to and upon the following:

>Benjamin Michael McCauley
>Reg. No. 17323-029
>FCI McKean
>P.O. 8000
>Bradford, PA 16701

>*/s/ Adam Fischer*
>ADAM FISCHER
>Assistant U.S. Attorney

Dated:   June 25, 2024