IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| BENJAMIN MICHAEL MCCAULEY, | ) ) ) | 1:23-CV-00161-RAL |
| Petitioner | ) ) ) ) | RICHARD A. LANZILLO Chief United States Magistrate Judge |
| v. | ) ) ) | |
| WARDEN, FCI MCKEAN, | ) ) ) | Memorandum Opinion on Petition for Writ of Habeas Corpus |
| Respondent | ) ) ) ) | ECF No. 4 |

I.     Introduction

Presently pending is a petition for a writ of habeas corpus filed by federal prisoner Benjamin Michael McCauley[1] (Petitioner) pursuant to 28 U.S.C. § 2241.  For the following reasons, the petition will be dismissed for lack of jurisdiction.

II.     Factual background

On December 5, 2017, Petitioner pleaded guilty in the United States District Court for the Northern District of Iowa (the "sentencing court") to possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  ECF No. 16-1.  On June 13, 2018, the sentencing court sentenced Petitioner to 235 months incarceration and three years of supervised release.  *Id.*  Petitioner unsuccessfully challenged his sentence and conviction by filing

---

[1] Petitioner is incarcerated at FCI-McKean, a federal correctional institution located within the territorial boundaries of the Western District of Pennsylvania.  The Warden of FCI-McKean is the Respondent in this action.

a direct appeal and a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court.  ECF Nos. 16-2 through 16-4.

In the instant habeas action, filed pursuant to § 2241, Petitioner contends that his conviction and sentence should be vacated based on the recent decision issued by the Court of Appeals for the First Circuit in *United States v. Munoz-Fontanez*, 61 F.4th 212 (1st Cir. 2023).  In *Munoz-Fontanez*, the Court vacated a defendant's sentence because the district court had failed to adequately explain the "significant" upward variance it imposed.  *Id.* at 215.  Petitioner claims that the same error occurred at his sentencing when the district court "impos[ed] a significant 6-level variance without offering [an] explicit rationale tying the facts to statutory sentencing goals."  ECF No. 4 at pp. 7, 9.  Respondent having filed an answer, ECF No. 16, this matter is fully briefed and ripe for disposition.[2]

III.    Analysis

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid."  *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010); *see also Cardona v. Bledsoe*, 681 F.3d 533, 535-38 (3d Cir. 2012).  "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." *Cardona*, 681 F.3d at 535.  Section 2255 motions must be filed in the federal district court that imposed the conviction and sentence the prisoner is challenging.  28 U.S.C. § 2255(a).  In contrast, a habeas corpus action pursuant to § 2241 must be brought in the custodial court – i.e., the federal district

---

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

court in the district in which the prisoner is incarcerated. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).[3]

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners may challenge the <u>validity</u> of their conviction or sentence on collateral review. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (emphasis added). Section 2241, on the other hand, confers habeas jurisdiction "to hear the petition of a federal prisoner who is challenging not the validity but the <u>execution</u> of his sentence." *Cardona*, 681 F.3d at 535 (internal quotations and citations omitted) (emphasis added). As such, "a federal prisoner seeking to collaterally attack his sentence generally must do so under § 2255 rather than § 2241." *Voneida v. Johnson*, 88 F.4th 233, 236 (3d Cir. 2023).

Section 2255(e) provides a narrow statutory exception to this general rule. Pursuant to that subsection, if it "appears that the [§ 2255] remedy is inadequate or ineffective to test the legality of [a habeas petitioner's] detention," the petitioner may be able to "proceed with his statutory claim under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023) (quoting 28 U.S.C. § 2255(e)). Prior to the United States Supreme Court's recent decision in *Jones*, the Court of Appeals for the Third Circuit had recognized only one circumstance in which § 2255's remedy had been deemed

---

[3] Section 2241 petitions must be filed in the district in which the prisoner is incarcerated because:

> [t]he prisoner must direct his [§ 2241] petition to "the person who has custody over him." § 2242; *see also Wales v. Whitney*, 114 U.S. 564, 574, 5 S. Ct. 1050, 29 L. Ed. 277 (1885); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). Longstanding practice under this immediate custodian rule "confirms that in habeas challenges to present physical confinement...the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711, 159 L.Ed.2d 513 (2004). And under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians "within their respective jurisdictions." § 2241(a); *see also Braden*, 410 U.S. at 495, 93 S. Ct. 1123 ("[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian.").

*Bruce*, 868 F.3d at 178.

"inadequate or ineffective" within the meaning of § 2255(e): where an "intervening change in statutory interpretation [presented] the risk that an individual was convicted of conduct that is not a crime, and that change in the law applie[d] retroactively in cases on collateral review." *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). For twenty-five years, the so-called "*Dorsenvail* exception" offered a federal prisoner a limited opportunity to challenge his conviction under § 2241 by arguing "actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." *Bruce*, 868 F.3d at 179. *See also United States v. Brown*, 456 Fed. Appx. 79, 81 (3d Cir. 2012) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.").

In *Jones*, however, the Supreme Court abrogated *Dorsenvail* and significantly narrowed the path to savings clause review. *See Voneida*, 88 F.4th at 237 ("We write precedentially to formally acknowledge what district courts in this circuit have already recognized: *Jones* abrogated *In re Dorsainvil*."). The Court noted that another subsection of the habeas statute, § 2255(h), provided for "two circumstances under which a second or successive collateral attack on a federal sentence is available, and those circumstances do not include an intervening change in statutory interpretation." *Jones*, 599 U.S. at 490.[4] The Court reasoned that the inability of a prisoner to satisfy either of the conditions articulated in § 2255(h) "does not mean that he can bring his claim in a habeas petition under the [§ 2255(e)] savings clause," as suggested by *Dorsenvail*. Rather,

---

[4] The two circumstances articulated in § 2255(h) are: 1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," and 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

"he cannot bring it at all." *Id.* (explaining that "Congress has chosen finality over error correction in this case.").[5]

This principle squarely forecloses relief in the instant case. Petitioner, relying on *Dorsenvail*, seeks review of his conviction based on an intervening change in statutory interpretation. In the wake of *Jones*, it is now clear that § 2255(e)'s savings clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 471. *See also, e.g., Voneida*, 88 F.4th at 237; *Reid v. Garza*, 2024 WL 197643, at *4 (M.D. Pa. Jan. 18, 2024) ("Petitioner's Section 2241 petition, which is expressly premised on *In re Dorsenvail*, must fail."). Nor has Petitioner alleged the type of "unusual circumstances," such as the dissolution or destruction of the sentencing court, that trigger § 2255's savings clause and invite § 2241 review. *Id.* at 478-80. Accordingly, the instant petition must be dismissed for lack of jurisdiction.

IV.    Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is dismissed, with prejudice, for lack of jurisdiction.[6] An appropriate order will follow.

DATED this 23rd day of January, 2025.

---

[5] By way of further explanation, the Court clarified that a prisoner's ability to obtain savings clause review under § 2241 is limited to extraordinarily unusual circumstances, such as when "the sentencing court's dissolution" makes it "impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones*, 599 U.S. at 478 (noting that a motion in a court "that no longer exists" is "obviously 'inadequate or ineffective' for any purpose"). In other words, "so long as it is not essentially impossible to pursue a § 2255 motion at all, federal law requires a Petitioner to challenge his conviction only through a motion brought pursuant to 28 U.S.C. § 2255." *Smith v. Knight*, 2024 WL 3199949, at *1 (D.N.J. June 26, 2024) (citing *Jones*, 599 U.S. at 477-79). This is true even if the petitioner cannot meet the stringent gatekeeping restrictions of § 2255(h) because his claim involves a new rule of statutory rather than constitutional law, as in the instant case.

[6] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge